UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ROOFING INDUSTRY PENSION PLAN, et al., | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 4:20-CV-01578 SEP ) |
| v. | ) ) |
| JOURDAIN ROOFING COMPANY, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. [8]. For the reasons set forth below, the Motion will be granted.

## I.  Factual and Procedural Background

Plaintiffs are certain roofing industry employee benefit plans and their related union and trustees, including the National Roofing Industry Pension Plan; the Roofers and Waterproofers Research and Education Joint Trust Fund; Kinsey Robinson, the Trustee of the National Roofing Industry Education Plan; the United Union of Roofers, Waterproofers and Allied Workers, Local Union No. 2, AFL-CIO; the Trustees of Roofers Local No. 2 Supplemental Pension Plan; the Trustees of Indiana State Council of Roofers Health and Welfare Fund; and the Trustees of United Union of Roofers, Waterproofers and Allied Workers Apprentice Fund.

Plaintiffs seek a judgment against Defendant Jourdain Roofing Company, which is an employer in an industry affecting commerce within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1132 et seq. Defendant employs individuals who are members of and represented by the Union, and Defendant has agreed to participate in the various roofer funds in order to provide benefits for its employees. Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 502 of ERISA.

Plaintiffs filed this action on November 5, 2020, under ERISA and the Labor

Management Relations Act, 29 U.S.C. § 185.  Doc. [1].  The Complaint alleges that Defendant had failed to fully pay employee benefit fund contributions and union dues owed under the collective bargaining agreement between Defendant and its employees' union.

Defendant was served with the Summons and Complaint in this matter on November 5, 2020, and Defendant has not filed an Answer or otherwise contested the Complaint.  Clerk's Entry of Default (Doc. [7]) was entered against Defendant on December 18, 2020, and Plaintiffs filed the instant Motion for Default Judgment.  Defendant has not responded to the entry of default or to the Motion for Default Judgment.

## II.     Legal Standard

The entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court.  *Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012).  Pursuant to Federal Rule of Civil Procedure 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  After default has been entered, "the allegations of the complaint, except as to the amount of damages are taken as true."  *Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc.*, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (quotation omitted); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010).  Before the Court may enter a default judgment setting forth the declaration Plaintiff seeks, it must be satisfied, on the basis of the sufficiency of the Complaint and the substantive merits of Plaintiffs' claims, that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation omitted).

"The court  may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:  (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2).  However, where "'the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record . . . the district court need not hold an evidentiary hearing on the issue of damages."  *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)); *see also* 10 C.

Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 (3d ed. 2012) ("If defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain that can be made certain by computation, the judgment generally will be entered for that amount without further hearing.").

With respect to damages in an action for delinquent fringe benefits, pursuant to 29 U.S.C. § 1132(g)(2), a plaintiff is entitled to recover all of the principal contributions owed, plus interest, liquidated damages (or the value of the interest again, where that amount is greater than the liquidated damages, or where liquidated damages have not been provided for), reasonable attorneys' fees, and costs. *Id.* § 1132(g)(2). The intent of that section is to promote the prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies. *See Carpenters & Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476, 479 n.4 (8th Cir. 1988). Unpaid contributions, interest, and liquidated damages are "considered sums certain because their calculations are mandated under § 1132(g)(2) of ERISA and by party agreements." *Serv. Employees Int'l Union Nat'l Indus. Pension Fund v. LTP Generations*, 2019 WL 1423686, at *6 (D.D.C. Mar. 29, 2019) (internal quotation omitted). The Court may rely on affidavits and documentary evidence to determine the appropriate sum for the default judgment." *Painters Dist. Council 2 v. Grau Contracting, Inc.*, 2012 WL 2848708 at *1 (E.D. Mo. July 11, 2012).

### III.   Discussion

At all times material to this action, Defendant was a party to and bound by the terms of the collective bargaining agreement with the United Union of Roofers, Waterproofers and Allied Workers, Local Union No. 2, AFL-CIO. The collective bargaining agreement, effective from March 1, 2017, through February 28, 2022, requires Defendant to submit reports and to make contributions to the funds for each hour worked by covered employees. The collective bargaining agreement also provides that failure to make timely contributions subjects Defendant to liquidated damages calculated at 20 percent on delinquent contributions, interest in the amount of 1.5 percent per month, court costs, attorneys' fees, and accounting costs. A copy of the collective bargaining agreement and relevant signature page, signed by Defendant, is attached to the Motion for Default Judgment. *See* Docs. [8-6], [8-7].

Plaintiffs submit the affidavit of Dan O'Donnell, who is responsible for calculating delinquent amounts owed to the United Union of Roofers and Allied Workers, Apprentice Fund,

the Industry Advancement Fund, and the United Union of Roofers, Waterproofers and Allied Workers, Local Union No. 2, AFL-CIO. See Doc. [8-2]. O'Donnell attests that Defendant has failed to remit contributions due and owing to the Apprentice Fund for the months of October 2019 through April 2020, and again from July 2020 through December 2020, in the amount of $1,168.75. O'Donnell further attests that, as a result of its failure to pay contributions to the Apprentice Fund, Defendant also owes $233.75 in liquidated damages to the Apprentice Fund. O'Donnell also attests that Defendant has failed to make contributions to the Industry Advancement Fund for the months of October 2019 through April 2020, and again from July 2020 through December 2020, in the amount of $142.53. Finally, O'Donnell attests that Defendant has failed to remit dues to the Union for the same periods of time, and owes unpaid dues in the amount of $2,196.28.

Plaintiffs also submit the affidavit of Ellen Densborn, who is responsible for calculating delinquent amounts owed to the Trustees of Roofers Local No. 2 Supplemental Pension Plan and the Trustees of Indiana State Council of Roofers Health and Welfare Fund. *See* Doc. [8-3]. Densborn attests that Defendant has failed to remit contributions due and owing to the Welfare Fund for the months of October 2019 through March 2020, as well as August, November, and December of 2020, in the amount of $9,576.35. Densborn further attests that Defendant owes liquidated damages to the Welfare Fund in the amount of $2,910.66. Densborn also attests that Defendant failed to remit contributions due and owing to the Supplemental Pension Plan covering the months of October 2019 through April 2020, and July 2020 through December 2020 in the amount of $16,052.18, as well as liquidated damages of $3,237.09.

Plaintiffs also submit the affidavit of Robbie D. Goodrich, who is responsible for calculating delinquent amounts owed to the National Roofing Industry Pension Plan and the Roofers and Waterproofers Research and Education Joint Trust Fund. *See* Doc. [8-4]. Goodrich attests that Defendant has failed to remit contributions due and owing to these funds from October 2019 through March 2020, and again from July 2020 through December 2020, in the amount of $10,715.81, plus interest in the amount of $1,027.00 and liquidated damages of $2,727.09.

Based on the documentation and affidavits submitted by Plaintiffs, the Court finds that Defendant was bound at all relevant times by a valid collective bargaining agreement, and that it breached its obligations by failing to timely pay the required contributions thereunder.

Plaintiffs have established that Defendant owes $37,655.62 in unpaid contributions and $2,196.28 in union dues for various months between the period of October 2019 through December 2020. Pursuant to ERISA § 1132(g)(2), and the terms of the collective bargaining agreement, Plaintiffs are also entitled to interest on the unpaid contributions in the amount of $1,027.00. The collective bargaining agreement also provides that Defendant owes liquidated damages in the amount of $9,108.59, for a total of $49,987.49 in damages.

Pursuant to Section 1132(g)(2)(D), the Court may also award costs and "reasonable" attorneys' fees. Plaintiffs submit the affidavit of attorney Matthew J. Gierse, as well as an itemized list of work performed on this matter. Docs. [8-5], [8-9]. According to Mr. Gierse, a total of 22.4 hours was expended in connection with this matter at a rate of $250.00 per hour, for a total of $5,600.00 for legal services. That amount is commensurate with fees awarded by this Court in similar cases. *See, e.g., Greater St. Louis Const. Laborers Welfare Fund v. LaBarge*, 2013 WL 6181808 at *2 (E.D. Mo. Nov. 26, 2013). Accordingly, the Court finds that the billable rate and hours expended are reasonable, and Plaintiffs are therefore entitled to $5,600.00 in attorney's fees. In addition, Mr. Gierse paid $400.00 for the filing fee in this matter, which amount Plaintiffs seek as reimbursement for costs related to this action. Plaintiffs' costs of $400.00 are reasonable and customary and will be awarded as well.

Finally, The Law Offices of Robert A. Bohrer, PLLLC, performed legal work on this matter, as attested to by Goodrich. *See* Doc. [8-4]. Goodrich attests that Mr. Bohrer billed $1,250.00 in this matter. However, the affidavit contains no information concerning how many hours were expended on this matter, nor does it indicate an hourly rate. "The decision whether to award attorneys' fees under ERISA is discretionary, not mandatory," *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984), and a plaintiff must submit evidence of hours worked and the rate claimed in order to establish the reasonableness thereof, *Local 513, Intern. Union of Operating Eng'rs v. Larry Ortmann Cont., Inc.*, 2008 WL 5158269 at *2 (E.D. Mo. Dec. 9, 2008). Based on Plaintiff's submissions, the Court has no way of ascertaining whether these attorneys' fees are reasonable, and will decline to award the fees associated with work performed by The Law Offices of Robert A. Bohrer, PLLLC. *See McDowell v. Price*, 731 F.3d 775, 784 (8th Cir. 2013) (The district court did not abuse its discretion in declining to award attorneys' fees in ERISA case where the "documentation in support of attorneys' fees was inadequate.").

**IV.     Conclusion**

Upon review of the record, the Court finds that Plaintiffs have provided sufficient evidence to support their motion.  Adding together all the amounts due, Defendant owes Plaintiffs a total of $55,987.49.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment, Doc. [8], is **GRANTED**.

A separate Default Judgment shall accompany this Memorandum and Order.


Dated this 23rd day of June, 2021.

　　　　　　　　　　　　　　　　　　　　　　／s／ Sarah E. Pitlyk
　　　　　　　　　　　　　　　　　　　　　　SARAH E. PITLYK
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE